**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCY HEALTH,<br><br>and<br><br>MERCY HOSPITALS EAST COMMUNITIES<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-1721<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

COME NOW Defendants Mercy Health and Mercy Hospitals East Communities (together "Mercy"), by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and with full reservation of all defenses, hereby remove the action styled *Jane Doe v. Mercy Health and Mercy Hospitals East Communities*, currently pending in the Circuit Court for the City of St. Louis, State of Missouri, and assigned Case Number 2622-CC13392 (the "State Court Action"), from the Circuit Court for the City of St. Louis, State of Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of removal, Mercy states as follows:

## BACKGROUND

1. On August 31, 2026, Plaintiff Jane Doe ("Plaintiff"), individually and on behalf of all others similarly situated, filed a Class Action Petition against Mercy in the State Court Action (the "Petition"). All process, pleadings, and papers filed in the State Court Action, including the Petition and the docket sheet, are attached hereto collectively as **Exhibit A**.

2. Proceeding under a pseudonym after the circuit court granted Plaintiff's request to proceed anonymously, Plaintiff alleges Mercy used third-party tracking technologies on its website, mobile application, and patient portal that captured patient information and transmitted it to various third-parties. (*See* **Exhibit A** at Petition, ¶¶ 17-22.)

3. Without providing much further detail, Plaintiff generally alleges that these "so-called tracking technologies" cause the patient's device to transmit information about a patient's activity, including page views, search terms, buttons and links clicked on, and persistent identifiers, to a third-party. (*Id*. at ¶¶ 20-21.)

4. Plaintiff goes on to allege that, on Mercy's web properties, "these technologies transmitted to third parties both (a) persistent identifiers capable of identifying the patient, and (b) the contents of the patient's communications, including the identity of the specific health-related screens the patient viewed and the search queries the patient entered." (*Id*. at ¶ 25.)

5. According to Plaintiff, this information is collected and transmitted without patients' knowledge or consent. (*Id*. at ¶ 27.)

6. Based on these general allegations, Plaintiff seeks to represent a class defined as:

> "All citizens of the State of Missouri who, during the period beginning five years before the filing of this Petition and continuing through the date of judgment (the "Class Period"), used Mercy's website (www.mercy.net), the MyMercy mobile application, or Mercy's online patient portal to search for, schedule, or obtain healthcare or to communicate regarding their or another's health, and whose communications or personally identifiable information were transmitted to a third party by means of the tracking technologies described herein." (*Id*. at ¶ 33.)

7. Plaintiff asserts five causes of action individually and on behalf of the class. Four of these claims arise under Missouri common law: (1) Invasion of Privacy – Intrusion Upon Seclusion; (2) Breach of Fiduciary Duty of Confidentiality; (3) Breach of Implied Contract; and (4) Unjust Enrichment. (*See id*. at ¶¶ 46-62.)

8. Plaintiff's fifth cause of action (labeled as Count I in the Petition) is labeled as "Violation of the Missouri Wiretap Act, Mo. Rev. Stat. §§ 542.402 & 542.418" and, at first glance, seems as if it brings a claim under a Missouri statute. (*See id*. at ¶¶ 40-45.) However, this Count I directly quotes, relies upon, and bases the cause of action on a federal statute, the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq*. Despite Plaintiff's attempt to defeat federal question jurisdiction, under the well-pleaded complaint analysis this Court must conduct in determining whether it has subject-matter jurisdiction over this action, the Petition clearly asserts a claim arising under the federal Wiretap Act. Plaintiff attempts to circumvent jurisdiction in this court and uses the mislabeling of Count I as a claim for violation of the Missouri Wiretap Act to keep this litigation in state court, all while using the specific allegations in Count I to bring a claim under the Federal Wiretap Act. While Mercy denies any and all allegations in the Petition and fully reserves all defenses to all allegations and claims set forth therein, as pled, Plaintiff's Petition clearly asserts a claim for a violation of the Federal Wiretap Act.

9. For the reasons stated below, and based on the direct allegations and authority cited in the Petition, this case is properly removed to this Court as Mercy has satisfied the procedural requirements for removal, this Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over all other state law claims alleged in the Petition.

## REMOVAL IS PROPER

### I. Standard Governing Removal

10. Federal district courts have original jurisdiction over all cases that arise under federal law. 28 U.S.C. § 1331. Similarly, cases over which federal district courts have original jurisdiction may be properly removed by a defendant. 28 U.S.C. § 1441(a). "Removal based on

federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Baker v. Martin Marietta Materials, Inc*., 745 F.3d 919, 923 (8th Cir. 2014) (quoting *Pet Quarters, Inc. v. Depository Trust & Clearing Corp*., 559 F.3d 772, 779 (8th Cir. 2009)).

11. As discussed below, Plaintiff's Petition directly relies upon and quotes language from the ***Federal Wiretap Act*** and asserts a claim under the Federal Wiretap Act based on the direct allegations of Count I. As such, this case is based upon a federal law and this court has jurisdiction.

## II. Count I of the Petition Asserts a Claim for Violation of the Federal Wiretap Act, Thus the Petition Asserts a Federal Question.

12. Plaintiff alleges "[t]he Missouri Wiretap Act prohibits any person from intentionally intercepting, endeavoring to intercept, or procuring another to intercept the contents of any wire, oral, or electronic communication; from intentionally disclosing or endeavoring to disclose to another contents of such communications knowing or having reason to know it was obtained through interception; and form intentionally using the contents of such communication. Mo. Rev. Stat. § 542.402." (**Exhibit A** at Petition, ¶ 41.)

13. Throughout Count I, Plaintiff refers to "electronic communications" and even goes as far as stating that patients' interactions with the website are "electronic communications" within the meaning of the Missouri Wiretap Act. (*See id*. at ¶¶ 42-43, 45.)

14. Plaintiff further alleges that "Plaintiff and the Class are 'persons whose wire, oral, or electronic communication is intercepted, disclosed, or used' and are entitled to recover under Mo. Rev. Stat. § 542.418[.]" (*Id*. at ¶ 45.) (quotation in original).

15. The statute Plaintiff cites, Mo. Rev. Stat. § 542.418, provides a private right of action for violation of the Missouri Wiretap Act, yet the language Plaintiff quotes, specifically the inclusion of "oral, or electronic communication," is contained nowhere in the Missouri Wiretap

Act. *See* Mo. Rev. Stat. § 542.418. The Missouri Wiretap Act does not define, or even contain the phrase "electronic communication" that Plaintiff relies upon in her Count I. *See generally* Mo. Rev. Stat. § 542.400 *et seq*.

16. The Missouri Wiretap Act only provides a private right of action for "any person whose wire communication is intercepted, disclosed, or use in violation of sections 542.400 to 542.422…" *See* Mo. Rev. Stat. § 542.418.2. Plaintiff specifically alleges the actions on the website are "electronic communications" but "electronic communications" are not contemplated by the Missouri Wiretap Act. In effect, Plaintiff's allegations do not rely on the Missouri Wiretap Act to support a wiretapping claim.

17. Rather, the statutory language that Plaintiff quotes and relies upon in the Petition is specifically found in the **Federal Wiretap Act**: "Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity…" 18 U.S.C. § 2520(a).

18. The Federal Wiretap Act does define an "electronic communication" and further specifically contains the language Plaintiff states are wrongful under the wiretap act, where as the Missouri Wiretap Act does not contain the same language and is markedly different. *See* 18 U.S.C. § 2510(12), § 2511(1)(a)-(e).

19. Therefore, by Plaintiff's expressly pled allegations in Count I and under the well-pleaded complaint rule, Plaintiff has asserted a federal question in this case by asserting a claim under and relying upon federal law through the Federal Wiretap Act.

20. Plaintiff's failure to specifically cite the federal wiretapping statute, and also the initial allegations that there is not a claim for violation of the Federal Wiretap Act earlier in the

Petition, (see **<u>Exhibit A</u>** at Petition, ¶ 15), do not eliminate federal question jurisdiction. In fact, this very Court has stated that "if a plaintiff's claims rest on federal law, there is federal question jurisdiction whether or not he expressly mentions the federal statute in his complaint." *Czapla v. Republic Services, Inc.*, 372 F. Supp. 3d 878, 882 (E.D. Mo. 2019).

21. Mercy acknowledges that Plaintiffs may specifically plead a complaint in order to avoid federal jurisdiction, but "stipulations" or "allegations" that federal jurisdiction is not present which are subsequently contradicted by the specific allegations in the complaint, like Plaintiff has done here, cannot keep a case out of federal court. *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 621-22 (8th Cir. 2018) (finding plaintiff pre-certification stipulation as to the amount in controversy, including attorneys' fees, did not prevent the $5,000,000 amount in controversy threshold for a CAFA removal from being met as the allegations and claims could result in an award of over $5,000,000).

22. Indeed, the well-pleaded complaint rule provides a plaintiff "may avoid federal jurisdiction by ***exclusive reliance*** on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added). "[F]ederal courts must first decide whether federal or state law creates the cause of action by viewing the face of a plaintiff's complaint." *Mayor and City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 198 (4th Cir. 2022). "If federal law, as opposed to state law, creates a plaintiff's cause of action, then removal is proper." *Id*. The direct allegations contained in Count I of the Petition directly arise out of, quote, and rely upon the federal Wiretap Act, not the Missouri Wiretap Act. Therefore, as Count I necessarily relies on federal law to assert a cause of action, removal is proper.

23. In sum, removal is proper because this Court has federal question jurisdiction over Plaintiff's Count I, which, despite being mis-labeled as a claim for violation of the Missouri

Wiretap Act, is actually a claim for violation of the Federal Wiretap Act as it directly quotes from and relies upon the standards of the Federal Wiretap Act, not the Missouri Wiretap Act.

## III. As Each Count Arises From a Common Nucleus of Operative Facts, This Court Has Supplemental Jurisdiction Over the Remaining State Law Claims.

24. This Court also has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

25. Plaintiff's four other claims arise under Missouri common law: (1) Invasion of Privacy – Intrusion Upon Seclusion; (2) Breach of Fiduciary Duty of Confidentiality; (3) Breach of Implied Contract; and (4) Unjust Enrichment. (*See* **Exhibit A** at Petition, ¶¶ 46-62.)

26. The four state law claims all arise from the same alleged tracking technologies Plaintiff alleges Mercy utilized on its website, mobile application, and patient portal. Plaintiff alleges five separate causes of action, each of which allege damages as a result of Mercy allegedly installing the tracking technologies and these technologies capturing and transmitting data to third-parties. (*See id.* at ¶¶ 40-62.) Moreover, Plaintiff's proposed class definition requires each member's information be transmitted by a tracking technology discussed in the Petition. (*Id.* at ¶ 33.) Therefore, all of Plaintiff's causes of action arise from the same set of facts and form the same case or controversy as Plaintiff's federal claim.

27. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a) and this entire case may be removed.

## IV. Mercy Has Satisfied the Procedural Requirements for Removal.

28. Venue is proper in this Court because Plaintiff originally filed the State Court Action in the Circuit Court for the City of St. Louis, State of Missouri, and the United States District Court of the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the State Court Action] is pending[.]" See 28 U.S.C. §§ 105(a)(1), 1446(a); E.D. Mo. L.R. 2.07(A)(1).

29. Pursuant to E.D. Mo. L.R. 2.03, Mercy attaches hereto as **Exhibit A** copies of all process, pleadings, orders, and other documents on file in the State Court Action as of the date this Notice of Removal is filed, together with a copy of the State Court Action's docket sheet.

30. Pursuant to 28 U.S.C. § 1446(a), Mercy attaches hereto as **Exhibit B** a copy of all process, pleadings, and orders served upon it in the State Court Action.

31. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days from September 14, 2026, the date on which both Mercy Health and Mercy Hospitals East Communities were served with the Summons and Petition in the State Court Action.

32. Pursuant to 28 U.S.C. § 1446(d), Mercy, promptly after filing this Notice of Removal, will give written notice of removal to Plaintiff's counsel pursuant to the Certificate of Service appended hereto, and also file a copy of this Notice of Removal with the Clerk of the Circuit Court for the City of St. Louis, State of Missouri.

33. Nothing in this Notice of Removal is, constitutes, or shall be construed as, an admission of any allegation in the Petition, or as a waiver of any defense, argument, objection, or principle of law or equity available to Mercy, all of which Mercy expressly reserves.

WHEREFORE, Defendants Mercy Health and Mercy Hospitals East Communities respectfully remove this action from the Circuit Court for the City of St. Louis, State of Missouri

to the United States District Court for the Eastern District of Missouri, Eastern Division, and request that the Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to Mercy as is just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: October 14, 2026

By: /s/ Winthrop B. Reed, III

Winthrop B. Reed, III, #42840MO
R. Taylor Matthews III, #60936MO
Tyler E. Maetten, #74746MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7617
Facsimile: (314) 612-7617
wreed@lewisrice.com
tmatthews@lewisrice.com
tmaetten@lewisrice.com
*Attorneys for Defendants Mercy Health and Mercy Hospitals East Communities*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and accurate copy of the foregoing pleading was served on all counsel of record via the Court's CM/ECF system and via email on this 14th day of October, 2026.

Mark R. Niemeyer, #42437MO
Michael S. Kruse, #57818
NIEMEYER, GREBEL & KRUSE LLC
211 N. Braodway, Suite 2950
St. Louis, MO 63102
Telephone: (314) 241-1919
Facsimile: (314) 665-3017
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com

Fletcher V. Trammell
TRAMMELL PC
3262 Westheimer Road, Suite 423
Houston, TX 77098
Telephone: (800) 405-1740
Facsimile: (800) 532-0992
fletch@trammellpc.com

*Attorneys for Plaintiff*

/s/ Winthrop B. Reed, III